UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARIA C. LEE, | § § § | |
| *Plaintiff*, | § | |
| v. | § | EP-16-CV-00034-DCG |
| | § § | |
| MISSION CHEVROLET, LTD., and JERRY SLAUGHTER, | § § § | |
| *Defendants*. | § § | |

**ORDER DENYING DEFENDANTS'**
**MOTION FOR LEAVE TO FILE AMENDED ANSWER**

Presently before the Court is Defendants Mission Chevrolet, Ltd. ("Mission") and Jerry Slaughter's ("Slaughter") (collectively "Defendants") "Motion for Leave to File [Their] Amended Answer" (ECF No. 11) ("Motion") filed on September 8, 2016, nearly four months after the Scheduling Order's (ECF No. 8) deadline to amend pleadings.  Therein, Defendants request leave to amend their Answer (ECF No. 6) to add affirmative defenses of laches and wavier in addition to and/or in the alternative to their statute of limitations defense, which they pleaded in their Answer.  Plaintiff Marcia C. Lee ("Plaintiff") filed a Response (ECF No. 12) in opposition on September 19.  Having considered the parties' arguments, in light of the applicable law, the Court **DENIES** the Motion for the reasons that follow.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On August 21, 2015, Plaintiff filed her Original Petition in Texas state court, asserting claims of sex, race, and national origin discrimination, retaliation, and equal pay under Chapter 21 of the Texas Labor Code against Defendant Mission, and common law claims of assault and

battery against Defendant Slaughter. Notice of Removal, Ex. A, at 1, 4–5, ECF No. 1-1.[1] Thereafter, Defendants filed their Original Answer and two amended answers. *Id.* at 11, 13, 16. On September 16, Defendants filed a plea to jurisdiction, seeking dismissal of Plaintiff's Chapter 21 claims. *Id.* at 19. Therein, Defendants argued that the state court lacked subject matter jurisdiction over those claims because she failed to timely file her Charge of Discrimination with the Texas Workforce Commission. *Id.* at 21 (citing Tex. Lab. Code § 21.202 (providing that a charge of discrimination "must be filed not later than 180th day after the date the alleged unlawful employment practice occurred")). On January 25, 2016, Plaintiff amended her state-court petition to add claims of race discrimination and retaliation under 42 U.S.C. § 1981. *Id.* at 53. On January 29, Defendants removed the case to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331, premised upon Plaintiff's § 1981 claims. Notice of Removal ¶ 5, ECF No. 1.

Upon removal, on February 25, 2016, Plaintiff moved for leave to amend her pleadings to add, for the first time, claims of sex, race, and national origin discrimination, retaliation, and equal pay under Title VII, 42 U.S.C. § 2000e *et seq.*, and claims of equal pay under the Equal Pay Act, 29 U.S.C. § 206(d). Pl.'s Mot. for Leave to Amend Compl. ¶ 5, ECF No. 3. She argued that after removal, the Federal Rules of Civil Procedure apply; her new claims are based on the same core facts alleged in her state-court Original Petition in support of her Chapter 21 claims; and therefore, under Federal Rule of Civil Procedure 15(c)(1), the new claims relate back to the Original Petition filed on August 21, 2015. *Id.* ¶¶ 7, 11, 12. Defendants did not oppose. *Id.* ¶ 14. On February 29, 2016, the Court granted Plaintiff's motion for leave, and Plaintiff's "Second Amended Petition" (ECF No. 4) ("Amended Complaint") was docketed.

---

[1] All citations to Exhibit A refer to the Electronic Case Filing (ECF) page numbers imprinted on the pages of the exhibit.

On March 3, 2016, Defendants filed their Answer to Plaintiff's Amended Complaint. Defs.' Answer, ECF No. 6. Therein, Defendants asserted, *inter alia*, a statute of limitations defense, alleging that Plaintiff's Title VII claims are time-barred because she failed to assert these claims within 90 days of receiving her Notice of Right to Sue from the Equal Employment Opportunity Commission. *Id.* ¶ 54.

On March 17, the Court entered a Scheduling Order providing that the parties shall file motions to amend their pleadings by no later than May 13, 2016. Scheduling Ord. ¶ 3, ECF No. 8. The Order also sets the deadline for completing discovery on September 9 and the deadline for filing dispositive motions on November 18. *Id.* ¶¶ 8, 10. The case is set for a jury trial on April 3, 2017.

On September 8, 2016, nearly four months after the deadline for motions to amend pleadings passed, Defendants filed the instant Motion, seeking leave to amend their Answer to add the affirmative defenses of laches and waiver against Plaintiff's Title VII claims. Defs.' Mot. for Leave to File First Am. Ans. ¶ 6 [hereinafter "Defs.' Mot."], ECF No. 11. Therein, Defendants argue that Plaintiff's "manipulative delay" in asserting her Title VII claims warrants dismissal under the doctrines of laches and/or waiver:

> Plaintiff's [*sic*] deliberately waived her right to file suit under Title VII and instead chose to file an untimely lawsuit in state court under Chapter 21 where subject-matter jurisdiction was lacking. By doing so, Plaintiff permitted the statute of limitations on her Title VII claims to expire. . . . Then, only when the case was pending in federal court, Plaintiff amended her pleadings to assert her untimely Title VII based on the literal interpretation of the relation-back doctrine under Rule 16(c).

*Id.* ¶ 9. On September 19, Plaintiff filed a Response opposing the Motion. Pl.'s Resp. to Defs.' Mot. at 7 [hereinafter "Pl.'s. Resp."], ECF No. 12. Defendants failed to file any reply.

## II. DISCUSSION

Where, as here, the deadline for seeking leave to amend pleadings has passed, amendments are governed by the more strict Rule 16 standard, rather than the liberal Rule 15 standard. *See S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 16, late amendments may be accepted "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To satisfy the good cause standard, a party seeking a post-deadline amendment must demonstrate that he could not reasonably have met the scheduling order deadline despite exercising diligence. *Squyres v. Heico Cos.*, 782 F.3d 224, 238 (5th Cir. 2015).

In determining good cause, courts generally consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters.*, 315 F.3d at 536). "No single factor is dispositive, nor must all the factors be present." *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 869 (5th Cir. 2010) (*per curiam*) (citing *S&W Enters.*, 315 F.3d at 536–37). Applying the four factors here, the Court finds that Defendants have failed to satisfy the good cause standard.

### A.  *Factor 1: The Explanation for Defendants' Failure to Timely Move for Leave to Amend*

Defendants explain that the laches and waiver defenses they now seek to add "are not traditionally asserted in employment cases," and when they answered Plaintiff's Amended Complaint, they believed that their limitations defense adequately addressed Plaintiff's Title VII claims. Defs.' Mot. ¶ 10. Defendants only "realized that Plaintiff's conduct was subject to [the laches and waiver defenses]," "in researching and preparing for their dispositive motion." *Id.* Importantly, they state that these defenses are not premised on the underlying facts of the case,

but on Plaintiff's "conduct in litigation" insofar as she asserted her Title VII claims not while the case was pending before the state court, but upon removal to the federal court. *See id.*

The Court finds Defendants' explanation unsatisfactory. *See* 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.2 (3d ed.) ("Attorney neglect or inadvertence will not constitute good cause supporting modification."); *Nieves v. John Bean Techs. Corp.*, Civ. A No. 3:13-CV-4059-D, 2014 WL 2587577, at *2 (N.D. Tex. June 10, 2014) ("Nieves' assertion that her counsel did not 'realize' EMR could be joined as a defendant until after the deadline is not sufficient to demonstrate good cause."); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (The movant's explanation that "[i]n responding to the motion for summary judgment, [his] counsel . . . noted that there was a defense available to [him] that he had not raised in his Answer . . . is far short of what is required to satisfy the good cause standard."). Critically, Defendants were aware the *same* facts that allegedly form the basis of the defenses they now seek to assert, when Plaintiff moved to add her Title VII claims—at least three months before the Scheduling Order's deadline for amending pleadings. Therefore, before the deadline, Defendants could have exercised diligence by conducting the same research that subsequently led to their discovery of the applicability of the laches and waiver defenses and timely moved to amend their Answer. Unfortunately, they waited nearly four months after the deadline and six months after they filed their Answer, before seeking leave to add these defenses.

Accordingly, this factor weighs strongly against granting the Motion. *See S&W Enters.*, 315 F.3d at 536 (affirming district court's refusal to grant leave to amend, noting "The same facts were known to [the movant] from the time of its original complaint to the time it moved for leave to amend"); *Sw. Bell Tel. Co.*, 346 F.3d at 547 (The movant "was aware of the contract that forms the basis of its proposed amendment months in advance of the deadline and does not offer

a satisfactory explanation for its delay in seeking leave to amend."); *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007) (affirming the district court's denial of leave to amend under Rule 15 because the plaintiffs "had been aware of the factual underpinnings of the [new] fraud claim for some time, and . . . they had not been diligent in pursuing the claim").

**B.    *Factor 2: The Importance of the Amendment***

Defendants state that the laches and waiver defenses they propose to add are important because the Court should "scrutin[ize] . . . Plaintiff's . . . unique abuse of the procedural rules," and "deter similar abuses in the future." Defs.' Mot. ¶ 10. The Federal Rules of Civil Procedure, they argue, "do not contemplate resurrection of untimely claims [*i.e.*, Plaintiff's Title VII claims] simply because a case was removed to federal court." *Id.* They suggest that "mere change of forum[] should not vest a plaintiff with substantive rights which did not exist in the former forum." *Id.*

Plaintiff responds that she did not assert any Title VII claims in the state court because such claims would not have related back to her Original Petition under Texas law applicable in that court. Pl.'s Resp. at 4–5. Plaintiff states that she was prepared to litigate her § 1981 claims in the state court, but Defendants "*chose* to remove the instant case to federal court." *Id.* at 4 (emphasis in original). Once the case was removed to the federal court, Plaintiff continues, she realized that her Title VII claims would relate back under Federal Rule of Civil Procedure 15 and therefore, moved to assert such claims. *Id.* at 5.

Defendants' arguments, which are more pertinent to their statute of limitations defense, do not squarely address the importance of the amendment. At most, Defendants seek to assert the laches and waiver defenses as a fallback position to their limitations defense. Moreover, in evaluating "the importance of the amendment" factor, courts typically conduct an abbreviated analysis to assess whether the proposed amendment would be futile. *See e.g., Filgueira v US*

-6-

*Bank Nat'l Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013); *Ward v. CNH Am., L.L.C.*, 534 F. App'x 240, 242 n.1 (5th Cir. 2013) (*per curiam*); *Morris v. McDonald*, Civ. A. No. EP-14-CV-00139-DCG, 2015 WL 1546436, at *2–3 (W.D. Tex. Apr. 5, 2015). The Court is unable to do so here, as Defendants do not provide any analysis, but merely recite the elements, of the proposed defenses.[2] *See* Defs.' Mot. ¶ 8. However, out an abundance of caution, the Court concludes that this factor favors granting the Motion.

### C.  *Factors 3: Potential Prejudice*

Defendants insist that there is no potential prejudice if the Court grants their Motion to amend. *Id.* ¶ 10. Specifically, they argue that because the defenses they propose to seek are premised on Plaintiff's litigation conduct, not the underlying facts of the case, discovery on these defenses is not necessary; however, they would not oppose limited discovery beyond the discovery deadline tailored to these defenses. *Id.* Plaintiff counters that any such discovery would require expenditure of time and effort in responding to Defendants' arguments, thereby prejudicing her. Pl.'s Resp. at 6.

It appears that little to no discovery may be needed, to the extent the proposed defenses are predicated on Plaintiff's litigation conduct. However, to the extent Defendants also assert that these defenses are not traditionally asserted in employment cases, Defs.' Mot. ¶ 10, there is likely a dearth of case law regarding the defenses in the context of Title VII claims and the facts of this case. Consequently, allowing the amendment would no doubt require Plaintiff to expend a significant amount of time and effort in preparing for these defenses. *See Ward*, 534 F. App'x

---

[2] It is worth noting that in the lone case that Defendants cite regarding the laches elements, Defs.' Mot. ¶ 8 (citing *Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 344 (5th Cir. 2005)), the Fifth Circuit there concluded that the defendant-appellee failed to carry its burden, stating "Appellees fail to present any caselaw or detailed argument in support of th[e] contention [that the plaintiff's § 1981 claim is barred by laches]. All that they argue is that [the plaintiff] waited too long." *Johnson*, 398 F.3d at 344.

at 242 (finding prejudice because the "proposed amended complaint likely invites additional discovery and certainly additional motion practice"). Accordingly, this factor weighs against granting the Motion.

### D. Factor 4: Availability of a Continuance

Defendants argue that there is no need for a continuance to prepare for these defenses, as because this case is not set for trial until April 3, 2017. Defs.' Mot. ¶ 10. Moreover, the parties' motions for summary judgment are not due until November 18, 2016. Any continuance the Court grants would therefore alleviate the prejudice suffered by Plaintiff. Accordingly, this factor weighs in favor of granting the Motion.

### E. Balancing the Factors

In sum, two factors weigh against and two factors weigh in favor of granting the Motion. On balance, however, the Court concludes that Defendants have failed to demonstrate good cause. The focus of the good cause inquiry is on the diligence of the party requesting the court to modify the scheduling order. *See S&W Enters.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)); *Cole v. Sandel Med. Indus., L.L.C.*, 413 F. App'x 683, 690 (5th Cir. 2011) (*per curiam*) ("But the focus of the 16(b) inquiry is on the 'diligence of the party needing the extension.'" (quoting *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008))). As discussed above, Defendants fail to satisfactorily explain why they could not exercise diligence and move to amend their Answer by the Scheduling Order's deadline. Accordingly, the Court exercises its "broad discretion to preserve the integrity and purpose of the pretrial order," *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (citation omitted), and denies Defendants' Motion.

### III. CONCLUSION

For the foregoing reasons, the Court enters the following orders:

**IT IS HEREBY ORDERED** that Defendants Mission Chevrolet, Ltd. and Jerry Slaughter's "Motion for Leave to File [Their] Amended Answer" (ECF No. 11) is **DENIED**.

So ORDERED and SIGNED this 9th day of November 2016.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE